**O**
**JS-6**

# United States District Court
# Central District of California

VIRGINIA HOGE

               Plaintiff,

   v.

ERIC SCHMIDT et al.,

               Defendants.

Case № 2:23-cv-07389-ODW (AJRx)

**ORDER GRANTING IN PART MOTION TO DISMISS [16]; AND REMANDING CASE**

## I.   INTRODUCTION

Plaintiff Virginia Hoge filed this action in Los Angeles Superior Court alleging cyber spying, cyber stalking, and cyber harassment.  (Notice of Removal ("NOR") Ex. A ("Compl."), ECF No. 1.)  Defendant Google, LLC removed the action based on federal question and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1367.  (NOR ¶¶ 3–7.)  Google now moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot."), ECF No. 16.)  For the reasons discussed below, the Court **GRANTS IN PART** Defendant's Motion to **DISMISS**, and **REMANDS** the remaining state law claims to the Los Angeles Superior Court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.       BACKGROUND[2]

Hoge alleges that, beginning in 2010 and continuing through 2022, cyber trolls—online abusers posting anonymously—stalked, harassed, and spied on her.  (Compl. 2, 4.[3])  Hoge contends that Chris Tolles (CEO of a company called Topix), Eric Schmidt (CEO of Google), and Google hired these trolls to attack her online because she writes blog posts documenting crimes committed on Topix's website.  (*Id.* at 2.)  Hoge asserts that Google is responsible for hiring the cyber trolls because the trolls used "sophisticated [t]ech spying tools," including the use of "[s]pyware, facial recognition, and AI."  (*Id.* at 2, 4).  Hoge claims such connection with Google enabled the trolls to spy on her phone calls, private photos, direct messages, emails, texts, YouTube and Amazon viewing, and FaceTime calls.  (*Id.*)

Proceeding pro se, Hoge filed this lawsuit against Defendants Tolles, Schmidt, and Google in the Superior Court of California, County of Los Angeles.  (NOR ¶¶ 1–2; Compl. 2.)  Hoge asserts three causes of action against all Defendants citing federal and California law: (1) "Cyber Spying" (citing 18 U.S.C. § 792 *et seq.*; Cal. Consumer Priv. Act ("CCPA")); (2) "Cyber Stalking" (citing 18 U.S.C. §§ 2261, 3571); and (3) "Cyber Harassment" (citing Cal. Civ. Proc. Code § 527).  (Compl. 5–7.)  Hoge alleges she suffered injury as a result of the cyber trolling and seeks $105 billion in damages.  (*Id.* at 8.)  Google moves to dismiss Hoge's Complaint pursuant to Rule 12(b)(6).  (Mot.)

## III.       LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a

---

[2] All factual references derive from Hoge's Complaint, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] The Court cites to page numbers in the Complaint because Hoge does not use paragraph numbers.

right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the court's "liberal interpretation" of a pro se complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Google argues the Court should dismiss Hoge's claims because: (1) the federal statutes on which her claims rely provide no private right of action, and (2) Hoge fails

to sufficiently plead Google's involvement with the trolls. (Mot. 5–9.) The Court finds dismissal warranted because the federal laws cited provide no private right of action. Further, as all federal law claims fail, the Court declines to exercise supplemental jurisdiction over Hoge's remaining state law claims and remands this case to Superior Court.

**A.   Federal Causes of Action**

In support of her cyber spying and cyber stalking claims, Hoge cites three federal statutes within Title 18 of the United States Code: 18 U.S.C. §§ 792, 2261, 3571. (Compl. 5–6.)

Title 18 of the United States Code is the federal criminal code. *See* 18 U.S.C. § 1 *et seq.* ("Crimes and Criminal Procedure"). Federal criminal statutes "generally do not give rise to private rights of action." *Robertson v. Cath. Cmty. Servs. of W. Wash.*, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)). Only where "Congress intended to create, [ei]ther expressly or by implication, a private cause of action" will a civil claim be recognized. *Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255, 255 (2016) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)). Courts may not "infer a private right of action from 'a bare criminal statute.'" *Cent. Bank of Denver*, 511 U.S. at 190.

Hoge appears to premise her cyber spying and cyber stalking causes of action on three federal criminal statutes: 18 U.S.C. §§ 792 (harboring and concealing persons), 2261 (interstate domestic violence), 3571 (sentence of fine). (*See* Compl. 5–6 (citing these statutes).) However, Hoge cites no authority, and the Court knows of none, holding that a plaintiff can bring civil causes of action under any of these statutes. The language of the statutes does not expressly or impliedly establish such a right, and the Court may not infer one from the "bare criminal statute[s]." *See Cent. Bank of Denver*, 511 U.S. at 190; 18 U.S.C. §§ 792, 2261, 3571. Accordingly, as the federal statutes on which Hoge relies do not confer a basis for civil liability, Hoge's federal claims fail as

to all Defendants.  *See Valero*, 667 F. App'x at 255 (affirming dismissal of civil claims asserted under Title 18 "because there is no private right of action provided by those criminal statutes").  For the same reason, leave to amend these claims would be futile. *Id.* at 256 (affirming denial of leave to amend civil claims premised on federal criminal statutes because amendment would have been futile).

Thus, to the extent Hoge premises her cyber spying and cyber stalking causes of action on the above cited federal criminal statutes, the Court dismisses those claims without leave to amend.

**B.   State Causes of Action (Supplemental Jurisdiction)**

Hoge's remaining causes of action are based on California state law: cyber spying (citing the CCPA) and cyber harassment (citing Cal. Code of Civ. Proc. § 527).  (*See* Compl. 5–7.)  The only basis that Google identifies for the Court's jurisdiction over Hoge's state law claims is supplemental jurisdiction.  (NOR ¶¶ 6–7.)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . .—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Hunt v. City of Los Angeles*, No. 21-55310, 2022 WL 3714490, at *1 (9th Cir. Aug. 29, 2022) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims . . . ." (quoting *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996))).

The Court has dismissed all federal claims in this action.  After carefully considering the *Carnegie-Mellon* factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  *See Sanford*, 625 F.3d at 561

(affirming district court decision declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); *Valero*, 667 F. App'x at 256 (same).

## V.      CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Google's Motion to Dismiss, and **DISMISSES** Hoge's Complaint to the extent it is premised on federal criminal statutes.  Further, as all federal claims have been dismissed, the Court **DECLINES** to exercise supplemental jurisdiction over Hoge's remaining state law claims.  Accordingly, the Court **REMANDS** the remaining state law claims to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 23STCV13803.

All dates are **VACATED**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 21, 2024

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**